LEON C. LOFTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Loftin v. Commissioner
Docket No. 8689-85.
United States Tax Court
T.C. Memo 1986-322; 1986 Tax Ct. Memo LEXIS 281; 51 T.C.M. (CCH) 1601; T.C.M. (RIA) 86322; July 29, 1986. Ruth Anne Tarletz, for the petitioner. James J. Everett, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent's *282 Motion To Dismiss For Lack Of Jurisdiction was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7456(d)(4) [1] and Rule 180, for hearing and consideration. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: A hearing on respondent's Motion To Dismiss For Lack Of Jurisdiction was held at the Court's Trial Session at Phoenix, Arizona. The parties appeared [2] and submitted oral argument, exhibits, and written memorandums in support of their positions. Respondent seeks dismissal of the petition on the ground that it was not filed within the time prescribed by sections 6213(a) or 7502. Respondent determined a deficiency in petitioner's 1981 Federal income tax and additions to tax in his notice of deficiency letter dated December 28, 1984, as follows: ADDITIONS TO TAX
YEAR
DEFICIENCY
SEC.6651(a)
SEC.6653(a)(1)
SEC.6653(a)(2)
1981
$11,116
$1,875
$555.80
50% of the
interest due
on $11,116
*283 Petitioner was a resident of Buckeye, Arizona, at the time of filing his petition. The record discloses that respondent mailed the notice of deficiency by certified mail (No. 77757) from Ogden, Utah, on December 28, 1984, to petitioner, addressed as follows: Leon C. Loftin, 941 E. Monroe Space 81, Buckeye, AZ 85326 Section 6213(a) permits the filing of petitions to this Court. It provides in part that: SEC. 6213(a). TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT. -- Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The 90th day after the mailing of the notice of deficiency was Thursday, March 28, 1985. The petition was dated March 25, 1985, [3] and filed with this Court on April 11, 1985, 104 days after the mailing of the notice of deficiency. The petition was mailed in an envelope from Phoenix postmarked April 8, 1985, 101 days after the mailing of the notice of deficiency. *284 Petitioner admits that he received the notice of deficiency on February 28, 1985, but asserts that he was "prejudiced" in that respondent's notice was not received in sufficient time for him to file a timely petition. Petitioner also claims that respondent failed to mail the notice of deficiency to his "last known address" as provided by section 6212(b)(1). Petitioner cannot prevail in this proceeding unless the alleged error in the notice of deficiency prevented him from filing a timely petition with this Court. The courts have held that a notice of deficiency is not necessarily invalidated even though it was not mailed to a taxpayer's "last known address." In the case of , affg. , [4] the Court of Appeals stated: Taxpayers insist that the mailing specified by section 6212 must be to the "last known address" of the taxpayer or it is wholly insufficient. We cannot agree. [Footnote omitted.] Reading the interrelated sections of the Code as an integrated whole, it is apparent that the legislative plan contemplates that actual notice of the deficiency should be given *285 where such can reasonably be achieved and that the mailing authorized by section 6212(a) is a means to that end. "Last known address" is not even mentioned in that subsection. [Footnote omitted.] A mailing that effectively results in actual notice is what is apparently contemplated by the legislative plan. In , we found the taxpayer received a notice of deficiency without prejudicial delay which was mailed to him at an address which may not have been his "last known address." We held, at page 69, that "inaction, after receipt of the notice, was responsible for the late filing." Given the absence of prejudicial delay in delivery to the taxpayer in Mulvania of the notice of deficiency, respondent's motion to dismiss for lack of jurisdiction was granted. In this case, the record discloses that petitioner's 1982 and 1983 tax returns were prepared by petitioner's attorney (hereinafter sometimes referred to as Ms. Tarletz) on April 11, 1983 and April 16, 1984, respectively. Both returns *286 disclosed petitioner's address to be P.O. Box 1266, Buckeye, Arizona 85326, and reflected overpayments of Federal income tax. Ms. Tarletz also prepared a delinquent 1981 tax return for petitioner on January 24, 1985, less than one month after respondent mailed his notice of deficiency for that year, which disclosed additional tax due of $4,855. This return was mailed from Phoenix on January 31, 1985, and stamped received by the Ogden Service Center on February 6, 1985. The 30-day letter [5] concerning the 1981 year, and dated August 15, 1984, as well as the notice of deficiency were mailed to petitioner at 941 E. Monroe Space 81, Buckeye, Arizona 85326 (the E. Monroe address). Petitioner's attorney admits that she received both the 30-day letter and the notice of deficiency from petitioner. She also states that petitioner received the notice of deficiency on February 28, 1985. Respondent argues that the petition to this Court "was, apparently, already prepared by March 25, 1985 and, if it had been mailed that day, or any one of the subsequent three days, it would have been timely filed." *287 We have here a taxpayer who worked for the same construction company during the years 1980-1983. He claimed a refund on a timely 1980 joint return filed with his former wife in Texas. By 1982, petitioner, now divorced, had moved to Buckeye, Arizona, 55 miles west of Phoenix. Petitioner failed to file a 1981 tax return when due on April 15, 1982. However, petitioner did engage his Phoenix attorney to prepare timely 1982 and 1983 tax returns. But it was months after these returns were filed before petitioner notified Ms. Tarletz (by means of giving her the 30-day letter) that he had failed to file a 1981 tax return. She then prepared his 1981 return and filed it. Approximately a month before the expiration of the 90-day period for filing a petition in this Court, the notice of deficiency was admittedly received. The petition is dated March 25, 1985, three days before the 90-day period expired. [6] We find that petitioner was not prejudiced by the use of the E. Monroe address in the notice of deficiency. *288 Petitioner relies heavily on , in support of his argument that we should take jurisdiction in this matter. Looper, however, is of no assistance to petitioner. In that case, the taxpayer had 17 days remaining (upon receiving the notice of deficiency) to file a timely petition to this Court. We also observed that the notice of transferee liability in Looper did not concern either the taxpayer's personal tax liability or the liability of an entity with which he had close association at the time he received the notice. The complex issues facing the taxpayer in Looper in the remaining time to file his timely petition make it clearly distinguishable from this case. Here, the crucial fact is petitioner's admission of receipt of the notice of deficiency no later than February 28, 1985, when ample time remained to file a simple 1-1/2 page petition. The principal issue raised in that petition was petitioner's filing status as single rather than married filing separately. Accordingly, we find that petitioner actually received the notice of deficiency without prejudicial delay and that his failure to file a timely *289 petition in this case was due to his inaction after receiving the notice of deficiency. See . For the reasons stated above, we grant respondent's motion to dismiss for lack of jurisdiction. [7]
An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all "Rules" references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner was represented by his attorney. He did not attend the hearing.↩
3. The petition and request for place of hearing were signed by petitioner's attorney. Above her signature on each document were the words "DATED this 25th day of March 1985."↩
4. See also , affg. .↩
5. The form 30-day letter relates to petitioner's failure to "respond to (respondent's) requests" concerning his failure to file a delinquent 1981 tax return. However, the record does not disclose whether petitioner received correspondence at the E. Monroe address prior to August 15, 1984. We also note that during the years 1980-1983, petitioner worked for Bechtel Corporation as a construction worker. Petitioner and his former wife filed a 1980 joint return disclosing a San Antonio, Texas, address with the Internal Revenue Service Center in Austin, Texas, which return reported an overpayment of income tax totaling $1,150.↩
6. Petitioner's attorney attempt to explain the date on the petition as follows: "When it (the notice of deficiency) was received there was insufficient time left to prepare and file prior to the deadline. The date of March 25, 1985 on the Petition resulted from a date left in Petitioner's attorney's computer indicating the last date she used same (So, therefore, it is most likely that the documents were received by Petitioner's counsel after March 25.)" There is no independent evidence to support this assertion.↩
7. In view of our holding, we find it unnecessary to discuss petitioner's second contention that the notice was not mailed to his "last known address."↩